# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:22-cr-3-WFJ-TGW

ANGEL ALEXANDER
GUTIERREZ-ROMERO
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Angel Alexander Gutierrez-Romero, USM#: 02652-506, moves (Dkt. 121) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On November 18, 2022, Angel Alexander Gutierrez-Romero was sentenced to 87 months in prison under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction and one count of possession with intent to distribute same. Mr. Gutierrez-Romero's total offense level was 29 after the Court sustained defense counsel's objection to the two-level captain enhancement (level changed from 31 to 29). He was assessed no criminal history points, and his criminal history was category I. Mr. Gutierrez-Romero's advisory sentencing range was 87-108

months, and he received a sentence at the bottom of the guidelines range. Defendant accepted responsibility and pled guilty. The Bureau of Prisons reports that his projected release is June 25, 2027.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Angel Alexander Gutierrez-Romero is eligible for a sentence reduction and that a two-level decrease based on Amendment 821 reduces the offense level to 27 and reduces his advisory sentencing range to 70-87.

The Federal Defender appears, confirms Mr. Gutierrez-Romero's eligibility for a reduction, and moves unopposed to reduce his sentence to 70 months (a 17-month reduction in sentence), which is at the bottom of the amended guideline range. Defendant suffered a sad and impoverished life in Venezuela, raised by his grandmother, and he started work at the age of 8 to support his grandmother and later his father. Counsel requests consideration of post-sentencing conduct in determining whether a reduction is warranted. U.S.S.G. 1B1.10, comment. (n.1(B)(iii)). Counsel argues Defendant has done well during his incarceration—

he engages in educational programming and maintains employment working in the kitchens at Miami FCI and now as a unit orderly at Oxford FCI. He has only one disciplinary violation of possessing a hazardous tool in March 2023, which in this case was a cell phone he was using to communicate with his sick mother. Dkt. 108 at 3; Dkt. 121-1 (BOP incident report).

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and the Court finds the factors militate against a reduction. This was a large cocaine smuggling case where Movant and his two co-defendants resisted arrest. The Coast Guard was required to shoot out the engines on their vessel as it intercepted them in the Caribbean Ocean north of Aruba, a known drug-trafficking area. They benefited from the obstruction because it enabled them to jettison contraband, and only 110 kilos of cocaine were recovered.

18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense. In these circumstances the Movant benefited from obstruction. Any further reduction would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction. Additionally, his post-incarceration violation does not support a reduction. Lastly, Defendant will most likely be deported to Venezuela upon release.

Mr. Angel Alexander Gutierrez-Romero's motion (Dkt. 121) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 25, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**